IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ORION JAMES MOWELL,

Plaintiff,

vs.

ROSALYN COTTON, (former) parole board chairperson; LAYNE GISSLER, parole board vice chairperson; HABIB OLOMI, MARK LANGAN, parole board member; and ROBERT W. TWISS, parole board member (former);

Defendants.

**8:25CV627**

**MEMORANDUM AND ORDER**

This matter is before the Court to address the response filed by Plaintiff Orion James Mowell ("Plaintiff") on January 13, 2026, (the "Response"), Filing No. 9, to the Memorandum and Order of this Court filed on January 5, 2026, Filing No. 8, requiring Plaintiff to show cause why this case should not be dismissed for his failure to pay the $61.06 initial partial filing fee as ordered by this Court on November 13, 2025, Filing No. 7. In his Response Plaintiff argues that he is unable to pay the initial partial filing fee currently because he is no longer employed while incarcerated, his income calculation was inflated due to having received a tax return check for 2024, and that his grandmother is no longer allowed to send him money. Filing No. 9 at 1. To the extent Plaintiff, via his Response, intends to seek recalculation of the initial partial filing fee, his request shall be denied. However, the Court shall allow Plaintiff's case to proceed to initial review under 28 U.S.C. §§ 1915(e) and 1915A in accordance with this Memorandum and Order.

Under the Prison Litigation Reform Act ("PLRA"), an indigent inmate who files a lawsuit in federal court must pay the $350.00 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments. The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive an in forma pauperis prisoner's filing fee. It is also well-established in this circuit that "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997). "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).

Although the Court cannot waive the $350.00 filing fee, the PLRA provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Given Plaintiff's representations about his income, the Court will permit this matter to proceed to initial review without full payment of the initial partial filing fee of $61.06. However, the Court will direct Plaintiff to pay from his inmate account any portion of the initial partial filing fee available and transmit it to the Clerk of the Court by **March 5, 2026**. *See Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000) (providing for payment of any portion of initial partial filing fee where prisoner's trust account does not contain the full amount assessed). Once any available portion of the initial partial filing fee is paid, this matter shall proceed as if the entire initial partial

2

filing fee had been paid. *See id.* Thereafter, Plaintiff's institution shall continue to withdraw from Plaintiff's account all funds deposited into the account as they become available and transmit the funds to the clerk of the district court until the entire $61.06 initial partial filing fee is paid.[1] *See id.* "Even if the account balance is under ten dollars, the custodial institution must still forward payments to the district court to pay the initial partial filing fee as the ten-dollar rule of § 1915(b)(2) is applicable only after the initial partial filing fee is paid." *Id.*

After payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court as provided in 28 U.S.C. § 1915(b)(2) (i.e. monthly payments of 20 percent of the preceding month's income credited to Plaintiff's inmate account each time the amount in that account exceeds $10.00).

IT IS THEREFORE ORDERED that:

1.      Plaintiff has shown good cause why this case should not be dismissed for failure to pay the initial partial filing fee and this matter will proceed as follows:

       a.      This matter will proceed to initial review without full payment of the initial partial filing fee.

---

[1] By filing his Complaint and IFP motion in this Court, Plaintiff has consented to the assessment of fees and withdrawal of funds from his account by prison officials to pay those fees. NECivR 3.3(b)(1) ("An application to proceed in forma pauperis is consent for the institution . . . to pay any filing fee required by 28 U.S.C. § 1915(b)."). *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *disapproved of on other grounds by Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997) ("As the Prison Litigation Act makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, *see In re Tyler*, 110 F.3d at 529–30, we conclude that by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court. Furthermore, the prisoner waives any objection to the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs. A prisoner has a duty to cooperate during the litigation.").

b. To the extent Plaintiff's Response seeks recalculation of his initial partial filing fee, his request is denied. Plaintiff shall still be required to pay the initial partial filing fee as funds exist. Plaintiff, however, shall have until **March 5, 2026**, to pay any portion of the initial partial filing fee available and transmit it to the Clerk of the Court. Thereafter, Plaintiff's institution shall continue to withdraw from Plaintiff's account all available funds deposited into the account and transmit the funds to the Clerk of the Court until the entire $61.06 initial partial filing fee is paid.

c. After payment of the initial partial filing fee of $61.06, Plaintiff's institution shall collect monthly payments from Plaintiff's account in the manner set forth in 28 U.S.C. § 1915(b)(2) and forward those payments to the Clerk of the Court.

2. The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

3. The Clerk's office is directed to set a pro se case management deadline in this case using the following text: **March 5, 2026**: initial partial filing fee, or any portion thereof, due.

4. Plaintiff is advised that, following payment of any portion of his initial partial filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. The Court will conduct this initial review in its normal course of business.

4

Dated this 3rd day of February, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge