IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ORION JAMES MOWELL, | |
| Plaintiff, | **8:25CV627** |
| vs. | |
| ROSALYN COTTON, (former) parole board chair person; LAYNE GISSLER, parole board vice chair person; HABIB OLOMI, MARK LANGAN, parole board member; and ROBERT W. TWISS, parole board member (former); | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff Orion James Mowell's complaint filed on October 22, 2025. Filing No. 1. Plaintiff is an inmate and was granted leave to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

*Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders,* 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian,* 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff sues Rosalyn Cotton, Layne Gissler, Habib Olomi, Mark Langan, and Robert W. Twiss, all of whom are past or current parole board members. Plaintiff claims the defendants acted in bad faith and overreached their authority by revoking Plaintiff's parole based on a false claim that Plaintiff associated with a known convicted criminal. Filing 1 at 7. He claims that due to the bad faith decision of the parole board, he lost his job and had to drop out of school, placing stress on his family. He claims his constitutional rights were violated by the defendants' conduct, and he demands compensatory and punitive damages.

## III.  DISCUSSION

Plaintiff claims his parole was revoked and he was incarcerated based on the defendants' erroneous decision. The Court in *Heck v. Humphrey*, 512 U.S. 477 (1974) held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck,* 512 U.S. at 486–87.

*Heck* bars civil right actions where, as in this case, Plaintiff's claim for relief is dependent on finding the parole revocation decision and his resulting incarceration invalid. *Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014). Plaintiff's claim for recovery under 42 U.S.C. § 1983 must therefore be dismissed as *Heck*-barred.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Plaintiff's complaint must be dismissed as barred under *Heck v. Humphrey*.

Accordingly,

IT IS ORDERED:

1.    This matter is dismissed without prejudice.

2.    A separate judgment will be entered.

Dated this 10th day of March, 2026.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge